Rodriguez was charged with unlawfully possessing a firearm after police discovered a photo on his cellular phone of Rodriguez posing with a gun in his cousin's apartment. At sentencing, the district court stated it intended to vary downward from the 120–month statutory maximum due to the lack of immediate danger posed to the public by Rodriguez's possession of the gun, as well as his challenging upbringing, which included difficult family circumstances and an addiction to alcohol he developed at an early age. At the same time, the court noted the extent of the variance was limited by Rodriguez's lengthy criminal history, which the court found "as extensive as can be given someone [Rodriguez's] age." Sent. Tr. 14.

We review "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). An abuse of discretion occurs when the district court "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Moore*, 565 F.3d 435, 438 (8th Cir.2009) (quotation and citation omitted).

The district court stated its reasons for the sentence handed down after considering the 18 U.S.C. § 3553(a) factors. A sentencing court has "wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir.2009). In this case, the district court's decision to balance the mitigating factors of Rodriguez's upbringing and the nature of the offense against the aggravating factor of Rodriguez's criminal history is well within the considerable discretion of the district court. We can find no basis for concluding Rodriguez's sentence was substantively unreasonable.

The judgment of the district court is affirmed.

UNITED STATES of America,
Appellee,

v.

Geovanny HERNANDEZ–GARCIA, also known as Byron Geovanny Revolorio Monjaras, also known as Rojelio De la Rosa, Appellant.

No. 12–3657.

United States Court of Appeals,
Eighth Circuit.

Submitted: April 8, 2013.

Filed: April 16, 2013.

Teresa Baumann, Richard L. Murphy, U.S. Attorney's Office, Cedar Rapids, IA, for Appellee.

Geovanny Hernandez–Garcia, Youngstown, OH, pro se.

Brian Dean Johnson, Jacobsen & Johnson, Cedar Rapids, IA, for Appellant.

BYE, ARNOLD, and BENTON, Circuit Judges.

PER CURIAM.

Geovanny Hernandez–Garcia appeals from the sentence that the district court[1]

---

1. The Honorable Linda R. Reade, United States District Judge for the Northern District